**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Garry Tzvi Zookin,<br><br>　　　　　　　Plaintiff(s),<br><br>vs.<br><br>CSAA General Insurance Company,<br><br>　　　　　　　Defendant(s). | 2:23-cv-01976-JCM-MDC<br><br>**ORDER DENYING MOTION** |

Defendant filed a *Motion to Strike* ("Motion") (ECF No. 27), which seeks discovery sanctions related to plaintiff's disclosures. Defendant's Motion is DENIED without prejudice for failing to comply with LR IA 1-3(f); LR 26-6(c); and the Court's Standing Order (ECF No. 26) regarding discovery disputes.

The parties are directed to meet and confer in compliance with LR IA 1-3(f); LR 26-6(c); and the Court's Standing Order and, if the discovery dispute remains, file the required Stipulation Regarding Discovery Dispute in compliance with the Court's Standing Order.

**DISCUSSION**

**I.　LACK OF MEET AND CONFER**

Defendant's Motion relates to discovery sanctions regarding disclosure of expert witnesses. *See* ECF No. 27. Therefore, defendant was required to comply with Local Rules ("LR") 26-6 LR IA 1-3(f) before filing the Motion. However, the Court finds that there has been a lack of a meet and confer, as required by LR 26-6 and LR IA 1-3(f). The relevant portions of LR 26-6 and LR IA 1-3 provide:

> Discovery motions will not be considered unless the movant (1) has made a good-faith effort to **meet and confer** as defined in LR IA 1-3(f) before filing the motion, and (2) **includes a declaration** setting forth the details and results of the meet-and-confer conference about each disputed discovery request.

LR 26-6(c) (emphasis added).

> Meet and Confer. Whenever used in these rules, to "meet and confer" means to communicate directly and discuss in good faith the issues required under the particular rule

or court order. **This requirement is reciprocal and applies to all participants.** Unless these rules or a court order provide otherwise, this requirement may only be satisfied through **direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference.** The exchange of written, electronic, or voice-mail communications does not satisfy this requirement.

LR IA 1-3(f) (emphasis added).

A party who files a motion to which the meet-and-confer requirement applies must submit a declaration stating all meet-and-confer efforts, including the time, place, manner, and participants. The movant must certify that, despite a sincere effort to resolve or narrow the dispute during the meet-and-confer conference, the parties were unable to resolve or narrow the dispute without court intervention.

LR IA 1-3(f)(2).

Defendant failed to certify that a meet and confer took place regarding the expert disclosure. Defendant is reminded that "[t]he exchange of written, electronic, or voice-mail communications does not satisfy this requirement." LR IA 1-3(f). A meet and confer must include[1] "direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference." *Id.*

Parties are reminded that the meet-and-confer requirement applies to **both** parties. *Las Vegas Skydiving Adventures LLC v. Groupon, Inc.*, 2020 U.S. Dist. LEXIS 191754, *4 (2:18-cv-02342-APG-VCF, Decided October 16, 2020). Thus, the burden and failure to participate in a meet and confer applies with equal force to both parties. Failure to make a good-faith effort to meet and confer before filing any motion to which the requirement applies may result in denial of the motion. LR IA 1-3(f)(4).

**II. FAILURE TO COMPLY WITH THE STANDING ORDER**

The parties failed to comply with the Court's Standing Order (ECF No. 26) regarding discovery disputes and the Motion (ECF No. 27) was filed in violation of such order. Therefore, the Court denies the motion to strike, but does so without prejudice. Both parties must comply with the discovery dispute procedures set forth in the Court's Standing Order (ECF No. 26). Failure to comply may result in sanctions.

---

[1] LR IA 1-3(f)(1) provides an exception to the face-to-face meeting requirement for incarcerated individuals appearing pro se. However, since neither party is an incarcerated individual, this exception does not apply here.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion to Strike* (ECF No. 27) is DENIED WITHOUT PREJUDICE.

2. The parties are directed to meet and confer in compliance with LR IA 1-3(f); LR 26-6(c); and the Court's Standing Order and, if the discovery dispute remains, file the required Stipulation Regarding Discovery Dispute in compliance with the Court's Standing Order.

DATED this 16th day of December 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge