# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GARY TZVI ZOOKIN, | Case No. 2:23-CV-1976 JCM (MDC) |
| Plaintiff(s), | ORDER |
| v. | |
| CSAA GENERAL INSURANCE COMPANY, | |
| Defendant(s). | |

Presently before the court is defendant CSAA General Insurance Company's motion for summary judgment. (ECF No. 28). Plaintiff Garry Zookin responded in opposition (ECF No. 32), to which defendant replied (ECF No. 36).

## I. BACKGROUND

This is a breach of insurance contract action arising from a motor vehicle accident. (*See* ECF No. 1). Defendant issued an auto insurance policy to plaintiff that included underinsured motorist ("UIM") coverage in the amount of $250,000 per person. (*Id.*). Plaintiff claims he was injured in a motor vehicle accident on March 24, 2019. (*Id.*). After settling with the other driver, plaintiff made a claim with defendant for the $250,000 limit of his UIM coverage with defendant. Plaintiff alleges that defendant breached his insurance policy by failing to pay him that UIM limit. (ECF No. 1–1).

On March 17, 2025, this court granted defendant's motion to strike/exclude expert testimony due to plaintiff's failure to properly disclose expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2). (ECF No. 46). Defendant now moves for summary judgment on plaintiff's four causes of action: (1) breach of contract; (2) contractual breach of the implied covenant of good faith and

**James C. Mahan**
**U.S. District Judge**

fair dealing; (3) tortious breach of the implied covenant of good faith and fair dealing; and (4) bad faith. (ECF No. 28).

## II. LEGAL STANDARD

Summary judgment is proper when the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." [1] Fed. R. Civ. P. 56(a). The purpose of summary judgment is "to isolate and dispose of factually unsupported claims or defenses," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986), and to avoid unnecessary trials on undisputed facts. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

When the moving party bears the burden of proof on a claim or defense, it must produce evidence "which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proof on a claim or defense, the moving party must "either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of [proof] at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party satisfies its initial burden, the burden then shifts to the party opposing summary judgment to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). An issue is "genuine" if there is an adequate evidentiary basis on which a reasonable factfinder could find for the nonmoving party and a fact is "material" if it could affect the outcome under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

The opposing party does not have to conclusively establish an issue of material fact in its favor. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

---

[1] The court can consider information in an inadmissible form at summary judgment if the information itself would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.")).

**James C. Mahan**
**U.S. District Judge**

1  But it must go beyond the pleadings and designate "specific facts" in the evidentiary record that
2  show "there is a genuine issue for trial." *Celotex*, 477 U.S. at 324.  In other words, the opposing
3  party must show that a judge or jury has to resolve the parties' differing versions of the truth.  *T.W.*
4  *Elec. Serv.*, 809 F.2d at 630.

5  The court must view all facts and draw all inferences in the light most favorable to the
6  nonmoving party.  *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990); *Kaiser Cement Corp.*
7  *v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).  The court's role is not to weigh
8  the evidence but to determine whether a genuine dispute exists for trial.  *Anderson*, 477 U.S. at
9  249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be
10 drawn in his favor." *Id.* at 255.  But if the evidence of the nonmoving party is merely colorable or
11 is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.  DISCUSSION**

**A.** Breach of contract

To recover UIM benefits, plaintiff must show he is legally entitled to recover those damages from the tortfeasor and must prove the extent of those damages.  *See Drennan v. Maryland Cas. Co.*, 366 F. Supp 2d 1002, 1005–06 (D. Nev. 2005).  In Nevada, this means the insured must be "able to establish fault on the part of the uninsured motorist and the extent of the insured's damages." *Id*. at 1006.

Here, plaintiff argues defendant breached the terms of the UIM insurance contract by:

a. Denying payment;
b. Offering less than the claim is worth;
c. Requiring an unreasonable amount of paperwork to process the claim;
d. Denying liability when liability is obvious;
e. Trying to mislead the policyholder about what the policy covers;
f. Ignoring plaintiff making the claim;
g. Failing to give a good reason for denying the claim;
h. Interpreting policy language in an unreasonable way;
i. Otherwise failed to perform its obligations under the contract.

James C. Mahan
U.S. District Judge

- 3 -

However, plaintiff cannot prove medical causation between his March 2019 motor vehicle accident and medical expenses incurred after October 2019. Thus, the crux of this case is whether defendant's denial of plaintiff's coverage starting October 2019 constituted a contractual breach considering the alleged lack of causation between plaintiff's accident and medical expenses after October 2019.

In cases where causation is not readily apparent, expert testimony is generally required to establish causation and recover UIM benefits. *Fredericks v. Travelers Cas. Ins. Co. of Am.*, 521 F. Supp 1009, 1012 (D. Nev. 2021). Here, plaintiff failed to properly disclose experts for the purposes of assessing medical causation. (ECF No. 46).

In contrast, plaintiff informed defendant in October 2019 that he had finished treatment and had no ongoing complaints related to the accident. (ECF No. 28, Ex. 2). He did not seek medical treatment until May 2020, (*Id.*, Ex. 1), and subsequent medical records do not indicate plaintiff's treatment was related to any injury. Further, defendant properly retained and disclosed Dr. Fish, an orthopedic surgeon, as an expert. He opined that plaintiff's medical treatment after October 2019 was unrelated to the accident. (*Id.*, Ex. 7).

Due to plaintiff's failure to prove causation, the court finds no genuine dispute of material fact as to whether defendant's denial of the UIM coverage amounts to a breach of contract.[2] Accordingly, the court grants defendant's motion for summary judgment as to plaintiff's breach of contract claim.

**B.** Extracontractual claims

The court will address plaintiff's three extracontractual claims as one. "Under Nevada law, [a contractual] breach of the implied covenant of good faith and fair dealing can give rise to a tort when a special relationship exists between the parties to the contract, such as the relationship between an insurer and an insured…In the insurance context, this tort is commonly referred to as a claim for 'bad faith'." *Patel v. Am. Nat'l Prop. and Cas. Co.*, 367 F. Supp. 3d 1186, 1192 (D. Nev. 2019).

---

[2] Plaintiff's further allegations of breach of contract remain unsubstantiated and without evidence. Plaintiff, in his response (ECF No. 32), fails to dispute or address defendant's arguments in the present motion, which are supported by competent evidence.

**James C. Mahan**
**U.S. District Judge**

- 4 -

"Nevada's definition of bad faith is: (1) an insurer's denial of (or refusal to pay) an insured's claim; (2) without any reasonable basis; and (3) the insurer's knowledge or awareness of the lack of any reasonable basis to deny coverage, or the insurer's reckless disregard as to the unreasonableness of the denial." *Schumacher v. State Farm Fire & Cas. Co.*, 467 F. Supp. 2d 1090, 1095 (D. Nev. 2006).

Here, defendant argues its dispute of plaintiff's claim was reasonable. In support, defendant presents competent evidence, including testimony from its Rule 30(b)(6) witness. *(See* ECF No. Plaintiff's response fails to address whether defendant lacked a reasonable basis for disputing his claim, thereby acting in bad faith. Instead, the extent of plaintiff's factual allegations is that defendant acted unreasonably by offering a $10,000 settlement. (*See* ECF No. 32).

The court finds plaintiff's response conclusory and insufficient to give rise to a genuine dispute of material fact as to the reasonability of the UIM claim dispute. Accordingly, the court grants summary judgment as to plaintiff's extracontractual claims. *See Clifford v. Geico Cas. Co.*, 428 F. Supp. 3d 317, 325 (D. Nev. 2019) (granting summary judgment when plaintiff's response is conclusory and insufficient to establish bad faith); *see also Hwang v. Redwood Fire & Ca. Ins. Co.*, 714 F. Supp. 3d 1280, 1286 (D. Nev. 2024) ("the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data").

**IV.   CONCLUSION**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for summary judgment (ECF No. 28) be, and the same hereby is, GRANTED in full.

DATED July 16, 2025.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -